# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. RANSOM,<br><br>　　　　　　　　　　Petitioner,<br>　vs.<br><br>MATTHEW C. KRAMER, Warden,<br><br>　　　　　　　　　　Respondent. | CASE NO. 09-cv-1712-WQH (WMc)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Joseph E. Ransom (hereinafter "Petitioner" or "Ransom"), a state inmate proceeding *pro se*, seeks *habeas corpus* relief from his conviction for first degree residential burglary. Matthew C. Kramer, Warden of Folsom State Penitentiary, (hereinafter "Respondent"), filed his Motion to Dismiss Petition for Writ of Habeas Corpus and moves this Court to dismiss the Petition as untimely under 28 U.S.C. §2244(d)(1)(D).  [Doc. No. 9.]  Petitioner has not filed an opposition or any other responsive pleading.

Based upon the documents presently before the Court and for the reasons stated below, the Court **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED.**

## II. STATEMENT OF FACTS

Petitioner is currently serving a prison term of eighteen years  following his conviction of first degree residential burglary and a finding as true that Petitioner had been previously convicted

of two serious felony offenses. Each prior felony offense was found to constitute a strike. Petitioner appealed.

On May 9, 2005, Petitioner appealed his conviction to the Court of Appeal of California. On October 19, 2006, the state appellate court affirmed Petitioner's conviction.

On November 28, 2006, Petitioner filed an appeal with the California Supreme Court. On February 7, 2007, the California Supreme Court denied Petitioner's appeal. On May 8, 2007, Petitioner's conviction became final.

Therefore, on May 8, 2007, Petitioner's one-year statute of limitations under the AEDPA began to run.

On May 8, 2008, Petitioner's one-year limitations period under the AEDPA expired.

**On August 6, 2009, 455 days after the statute of limitations expired, Petitioner filed his Petition for Writ of Habeas Corpus. [Doc. No. 1.] Petitioner also submitted a Motion to proceed *in forma pauperis*, with the United States District Court for the Southern District of California. [Doc. No. 2.] (Case No. 09-cv-1712.)**

On November 19, 2009, Respondent filed his Motion to Dismiss Petition for Writ of Habeas Corpus [Doc. No. 9] and his Memorandum of Points and Authorities in Support of Motion to Dismiss Petition for Writ of Habeas Corpus. [Doc. No. 9.]

### III.  SUMMARY OF CLAIMS

Respondent's Motion to Dismiss asserts the Petition for Writ of Habeas Corpus is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). [Doc. No. 9.] Petitioner's statute of limitations expired on May 8, 2008. Respondent contends the instant Petition is untimely because Petitioner waited over two years after completing his direct review to file a federal petition. In addition, Respondent points out Petitioner failed to seek collateral review in the state courts after completing his direct appeal review[1]. [Doc. No. 9 at pg. 4.]

---

[1] Thus, had Petitioner filed his federal petition within the statute of limitations, his federal petition would be unexhausted. Generally, applications for writs of habeas corpus that contain unexhausted claims must be dismissed. See Rose v. Lundy, 455 U.S. 509, 522 (1982). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). The petitioner must have raised the very same federal claims brought in the federal petition

Respondent further contends Petitioner fails to qualify for statutory tolling because his first Petition was filed after the statute of limitations had already expired. [Id..] Respondent also contends Petitioner does not qualify for equitable tolling because Petitioner has failed to demonstrate some extraordinary circumstance prevented him from filing timely. [Id.]

## IV.  STANDARD OF REVIEW

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, created a one-year statute of limitations for filing of a federal habeas petition by a state prisoner. The applicable statute of limitations is set forth in 28 U.S.C. §2244(d) as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:
> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (emphasis added);
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence* (emphasis added).
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**A.     Statutory Tolling**

The time during which a properly filed application for state post-conviction relief or other collateral review is pending is not counted toward the AEDPA's one-year statute of limitations. 28 U.S.C. §2244(d)(2).  Accordingly, the statute of limitations is tolled while a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to a particular post-conviction application.  *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting and adopting the holding in *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir. 1999)).

---

before the state supreme court.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

The limitations period is also tolled during intervals between a state court's disposition of a state habeas petition and the filing of an appeal or petition at the next state appellate level. *Nino*, 183 F.3d at 1004.

If the petitioner chooses to invoke the original habeas jurisdiction of the California courts and files a new habeas petition at each level, the application for habeas review is pending during the time between those filings, as long as they were filed within a "reasonable time" after denial at the lower level, as that term is defined under California law. *Carey v. Saffold*, 536 U.S. 214 (2002).

A petitioner is not entitled to statutory tolling between the conclusion of one round of state collateral review and the start of a subsequent round of state collateral review unless the subsequent round of review is "limited to an elaboration of the facts relating to the claims in the first petition", in which case the new round is considered part of the first full round of review. *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (abrogation on other grounds recognized by *Waldrip v. Hall*, 548 F.3d 729, 733 (9th Cir. 2008)).

Further, an application for post-conviction review made after the expiration of the one-year statute of limitations period do not revive the filing period and statutory tolling does not apply. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Jiminez v. Rice*, 276 F.3d 478, 480-81 (9th Cir. 2002.)

**B.     Equitable Tolling**

The Ninth Circuit has held the AEDPA's one-year statute of limitations is subject to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (citing *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The burden is on the Petitioner to prove whether any "extraordinary circumstances" were the cause of any untimeliness, rather than merely a lack of diligence on Petitioner's part. *Spitsyn*

*v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman*, 319 F.3d at 1203.  Further, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high,'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)), with the result that equitable tolling is "unavailable in most cases." *Miles*, 187 F.3d at 1107.

## V.  DISCUSSION

### A.     The Petition is Untimely

The AEDPA places a one-year statute of limitations on a habeas corpus petition filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. 2244(d)(1).

On February 7, 2007, the California Supreme Court of issued a decision in Petitioner's criminal case. Because Petitioner did not seek a further review, his conviction became final 90 days after the issuance of that decision, i.e. May 8, 2007.  **The one-year limitations period began to run the following day.  Petitioner failed to make a collateral attack until August 3, 2009[2], 452 days after the statute of limitaitons had already expired.**  Absent sufficient tolling of the limitations period, the Petition is untimely.

### B.     Statutory Tolling

The statute of limitations applied to an application for a writ of habeas corpus in federal courts is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2).  Specifically, the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge," provided the petitions were properly filed and pending. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  The time between a lower state court's determination and the filing of a notice of appeal to a higher state court is considered to be "pending," provided filing of notice to appeal is timely under state law. *Carey v. Staffold*, 536 U.S. 214 (2002).  An application for state post-conviction relief or collateral review is "properly filed" (as is required in order to toll the period for filing a federal habeas petition) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings". *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  A

---

[2] Petitioner signed the Petition on August 3, 2009. In accordance with the prisoner mailbox rule, the Petition was effectively filed on this date.

1  state post-conviction petition that cannot be "initiated or considered due to the failure to include a
2  timely claim is not 'properly filed.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (citing *Artuz*,
3  531 U.S. at 10)). Further, "[a] federal habeas [corpus] petition is not an 'application for State post-
4  conviction or other collateral review' within the meaning" of the tolling provision of the AEDPA.
5  *Duncan v. Walker*, 533 U.S. 167, 167 (2001) (citing 28 U.S.C. § 2244(d)(2)).

6  Petitioner does not contend he is entitled to statutory tolling. Therefore, the Court should
7  not entertain the possibility of statutory tolling.

8  **C.  Equitable Tolling**

9  In order to trigger equitable tolling of the statute of limitations for the purpose of filing a
10 habeas petition, Petitioner must demonstrate extraordinary circumstances beyond his control made
11 it impossible to file a petition on time. *Allen v. Lewis*, 255 F.3d 798, 799-800 (9th Cir. 2001).
12 Further, Petitioner must demonstrate the extraordinary circumstances were the proximate cause of
13 his untimeliness, rather than merely a lack of diligence on his part. *Spitsyn*, 345 F.3d at 799;
14 *Stillman*, 319 F.3d at 1203. Petitioner bears the burden of proof to show that this "extraordinary
15 exclusion" should apply in his case. *Miranda*, 292 F.3d at 1065. Finally, a *pro se* prisoner's
16 ignorance of the law does not generally warrant equitable tolling. *See Raspberry v. Garcia*, 448
17 F.3d 1150, at 1154 (9th Cir. 2006) (a *pro se* petitioner's lack of legal sophistication or ability to
18 calculate the statute of limitations is not, by itself, an extraordinary circumstance warranting
19 equitable tolling).

20 Petitioner has not submitted an opposition or other responsive pleading in response to
21 Respondent's Motion to Dismiss.

22 Based on the foregoing, the Court finds the statute of limitations began to run on May 8,
23 2007 and expired on May 9, 2007. According to a review of the court's electronic docket,
24 Petitioner filed an unexhausted Petition with this court on August 3, 2009, <u>452</u> days after the
25 statute of limitations began running. Accordingly, the Court recommends Respondent's Motion to
26 Dismiss be **GRANTED**, and the Petition dismissed as untimely.

27 **VI.  CONCLUSION AND RECOMMENDATION**

28 For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue

1  an Order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING**
2  Respondent's Motion to Dismiss as set forth herein; and (3) directing that judgment be entered
3  dismissing the Petition for failure to file within the one-year statute of limitations set forth in 28
4  U.S.C. § 2244(d).

5       **IT IS ORDERED** that no later than **July 12, 2010,** any party to this action may file
6  written objections with the Court and serve a copy on all parties.  The document should be
7  captioned "Objections to Report and Recommendation."

8       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
9  and served on all parties no later than **August 2, 2010**. The parties are advised that failure to
10 file objections within the specified time may waive the right to raise those objections on appeal of
11 the Court's order.

12      **IT IS SO ORDERED.**

13
14 **DATED:  June 9, 2010**

15
16                                              **Hon. William McCurine, Jr.**
17                                              **U.S. Magistrate Judge**
                                             **United States District Court**