# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. RANSOM,<br><br>                Petitioner,<br>  vs.<br>MATTHEW C. KRAMER, Warden,<br><br>                Respondent. | CASE NO. 09cv1712-WQH-WMc<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (Doc. # 10) issued by United States Magistrate Judge William McCurine, Jr., recommending that Respondent's Motion to Dismiss (Doc. # 9) be granted and that judgment be entered dismissing the Petition for Writ of Habeas Corpus (Doc. # 1) for failure to file within the applicable statute of limitations.

**I.     Background**

Petitioner Joseph E. Ransom is currently serving a prison term of eighteen years following his conviction in San Diego County Superior Court of first degree residential burglary and a finding that Petitioner had been previously convicted of two serious felony offenses.

On May 9, 2005, Petitioner appealed his conviction to the Court of Appeal of California. On October 19, 2006, the state appellate court affirmed Petitioner's conviction. On November 28, 2006, Petitioner filed an appeal with the California Supreme Court. On

1  February 7, 2007, the California Supreme Court denied Petitioner's appeal. On May 8, 2007,
2  Petitioner's conviction became final.
3       On August 6, 2009, Petitioner filed the Petition for Writ of Habeas Corpus ("Petition")
4  pursuant to 28 U.S.C. § 2254. (Doc. # 1). In the Petition, Petitioner contends that his "sixth
5  amendment right to effective assistance of counsel was violated." (*Id*. at 6). Petitioner also
6  contends that "I didn't do this crime." (*Id*. at 7).
7       On November 19, 2009, Respondent filed the Motion to Dismiss, contending that the
8  Petition was filed after the expiration of the statute of limitations pursuant to 28 U.S.C. §
9  2244(d). (Doc. # 9). Petitioner did not file an opposition or other response to the Motion to
10 Dismiss.
11      On June 9, 2010, the Magistrate Judge issued the Report and Recommendation. (Doc.
12 # 10). The Report and Recommendation concludes:

> **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING** Respondent's Motion to Dismiss as set forth herein; and (3) directing that judgment be entered dismissing the Petition for failure to file within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).
>
> **IT IS ORDERED** that no later than **July 12, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."
>
> **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 2, 2010**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

21 (Doc. # 10 at 6-7).
22     The docket reflects that neither party filed objections to the Report and
23 Recommendation.
24 **II.  Review of the Report and Recommendation**
25      The duties of the district court in connection with a Report and Recommendation of a
26 Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28
27 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the
28 [district] court shall make a de novo determination of those portions of the [Report and

Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Neither party objected to the Magistrate Judge's Report and Recommendation in this case, and this Court has reviewed the Report and Recommendation in its entirety. The Court concludes that the Magistrate Judge correctly determined that: on May 8, 2007, the applicable one-year statute of limitations under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") began to run, *see* 28 U.S.C. § 2244(d); on May 8, 2008, Petitioner's one-year limitations period under the AEDPA expired; Petitioner filed his Petition in this Court 455 days after the statute of limitations expired; and Petitioner has failed to demonstrate that he is entitled to statutory or equitable tolling of the limitations period. *Cf. Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2562 (2010) ("[28 U.S.C.] § 2244(d) is subject to equitable tolling ... only if [petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (quotation omitted); *Lee v. Lampert*, --- F.3d ---, No. 09-35276, 2010 WL 2652505, at *7 (9th Cir., July 6, 2010) ("[T]here is no ... actual innocence exception to override AEDPA's statute of limitations."). The Court adopts all portions of the Report and Recommendation.

### III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in the Report and Recommendation and in this Order, the Court concludes that jurists of reason would not find it debatable whether this Court was correct in dismissing the Petition as untimely. The Court denies a certificate of appealability.

## IV. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (Doc. # 10) is ADOPTED in its entirety, and the Motion to Dismiss (Doc. # 9) is GRANTED. The Clerk of the Court shall enter judgment dismissing the Petition for Writ of Habeas Corpus (Doc. # 1) for failure to file within the statute of limitations set forth in 28 U.S.C. § 2244(d).

DATED: August 2, 2010

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge